J-S35018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAI DINH | |
| Appellant | No. 2486 EDA 2014 |

Appeal from the Judgment of Sentence May 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012264-2013

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 05, 2015**

Appellant, Tai Dinh, appeals from the judgment of sentence entered on May 2, 2014, as made final by the denial of his post-sentence motion on August 22, 2014, following his bench trial conviction for terroristic threats, 18 Pa.C.S.A. § 2706.  Upon review, we affirm.

The trial court set forth the facts of this case as follows:

> On June 30, 2013, [D.M.L.] and her [minor] daughter, A.L., sold barbeque on the street near their home on the 1600 block of South Mole Street in Philadelphia.  At approximately 4:00 p.m., [D.M.L.] sold the remainder of her barbeque stock to [Appellant], her neighbor, and let him borrow a container in order to hold the food.  [D.M.L.] and A.L. then returned home where [D.M.L.] went upstairs and went to sleep.  At approximately 7:00 p.m., [Appellant] knocked on [D.M.L.'s] door in order to return the container, where he was met by A.L., who informed [Appellant] that [D.M.L.] was sleeping upstairs.  [Appellant's] speech was slurred and he appeared to be under the influence of alcohol.  A.L. accepted the container from [Appellant] and turned to reenter the house.  While A.L.'s back was turned,

*Retired Senior Judge assigned to the Superior Court.

[Appellant] reached around her body from behind and grabbed her. A.L. pushed [Appellant] off of her, making him stumble on the outside steps. [Appellant's] knocking at the door had caused [D.M.L.'s] dog to start barking, which woke [D.M.L.] up from sleep. From upstairs, [D.M.L.] asked if anyone was there, whereupon [Appellant] told A.L. that if she said anything, he would "run her family over with his car." A.L. did not inform Le of [Appellant's] actions or his threats that evening, as she felt threatened and was worried about her family.

On the evening of July 8, 2013, [D.M.L.] was awakened by bricks being thrown through her window. A.L., believing that [Appellant] had thrown the bricks, informed [D.M.L.] that [Appellant] had grabbed her and that [Appellant] had said that if A.L. told anyone what happened, he would kill everyone in the house. A.L. reported [Appellant] to the police on July 22, 2013.

Trial Court Opinion, 11/21/2014, at 1-3 (original brackets omitted).

The Commonwealth charged Appellant with the aforementioned crime and one count each of unlawful contact with a minor, corruption of minors, and indecent assault.[1] Following a bench trial on April 30, 2014 and May 2, 2014, the trial court found Appellant guilty of terroristic threats, but acquitted him of the remaining charges. The trial court sentenced Appellant to two years of probation. This timely appeal resulted.[2]

---

[1]  18 Pa.C.S.A. §§ 6318, 6301, and 3126, respectively.

[2]  Appellant filed a post-sentence motion on May 12, 2014. The trial court entered an order denying relief on August 22, 2014. Appellant filed a notice of appeal on August 28, 2014. On September 8, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on September 29, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 21, 2014.

On appeal, Appellant raises the following issue for our review:

Was the evidence insufficient to sustain a conviction of terroristic threats?

Appellant's Brief at 3.

Appellant contends that the Commonwealth failed to adduce sufficient evidence to support his conviction for terroristic threats. Appellant claims the evidence showed he lacked the requisite intent to terrorize, and did not recklessly disregard the risk of causing terror, in making statements to the victim. *Id.* at 7, 12. Instead, he suggests that he was intoxicated and "blurted out a statement that was made in the heat of the moment" as the result of the victim pushing him and causing him to "stumble[e] down some steps[.]" *Id.* at 12. In further support of this claim, Appellant maintains that the trial testimony from the victim and her mother was conflicting, confusing, contradictory, and not credible.[3] *Id.* at 11-12.

─────────────────────────────────────

[3] This aspect of Appellant's claim challenges the weight of the evidence and Appellant did not properly raise this issue in his appellate brief. This Court has stated:

[S]ufficiency of the evidence claims are distinct from weight of the evidence claims, as there are different standards of review as well as separate remedies involved. Indeed, in making a claim that the verdict was against the weight of the evidence, it is conceded that there was sufficient evidence to sustain the verdict. [Appellant] failed to provide any separate argument in support of the weight of the evidence issue. Because [Appellant] failed to distinguish between [the] sufficiency and weight of the evidence claims and presented no argument regarding the weight of the

*(Footnote Continued Next Page)*

Our standard of review for a challenge to the sufficiency of the evidence is well-settled:

> Whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015) (original brackets omitted).

Under 18 Pa.C.S.A. § 2706(a)(1), "[a] person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to ... commit any crime of violence with intent to terrorize another." 18 Pa.C.S.A. § 2706(a)(1). Regarding this crime, we have previously determined:

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> evidence, we deem [the] weight of the evidence issue waived.

***Commonealth v. Birdseye***, 637 A.2d 1036, 1039-1040 (Pa. Super. 1994) (citations omitted). This portion of Appellant's challenge is, therefore, waived.

> The Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror. Neither the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense. Rather, the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security.
>
> Section 2706 is not meant to penalize mere spur-of-the-moment threats which result from anger. However, being angry does not render a person incapable of forming the intent to terrorize. This Court must consider the totality of circumstances to determine whether the threat was a result of a heated verbal exchange or confrontation.

***Commonwealth v. Reynolds***, 835 A.2d 720, 730 (Pa. Super. 2003) (citations, quotations and brackets omitted).

Here, the trial court concluded "the conviction was based upon [Appellant's] oral threat to run over the members of A.L.'s family if she told anyone about [Appellant's] offensive touching." Trial Court Opinion, 11/21/2014, at 5. More specifically, the trial court found:

> A.L. testified that [Appellant] reached around her body from behind and grabbed her. A.L. further testified that [Appellant] told A.L. he would run over her family with his car if she said anything about what [Appellant] had done. This evidence, without more, was clearly sufficient to establish that [Appellant] directly threatened A.L. and her family with a crime of violence, and that he did so with the intent to terrorize her.

***Id.*** at 4 (record citations omitted).

In examining the totality of the circumstances, in the light most favorable to the Commonwealth as our standard requires, we find there was sufficient evidence to support Appellant's conviction for terroristic threats.

The victim, 17 years old at the time of the incident, testified that Appellant "grabbed [her] from behind and grabbed [her] chest area and private area." N.T., 4/30/2014, at 46-47, 51. The victim "fought [Appellant] off" and Appellant "stumbled down the front stairs." *Id.* at 54. The victim further testified that "[a]fter [Appellant] stumbled down, [the victim's] mom was asking, because she heard the dog barking, she asked if there is anybody down there, and before [Appellant] left he said if [the victim said] anything, he would run [the victim's] family over with his car." *Id.* at 56. The victim stated that she felt "really threatened and shocked." *Id.* She claimed that she did not immediately tell anyone about the incident "[b]ecause [Appellant] threatened [her], so [she] was worried about her family." *Id.* at 56-57. She felt that if she told anyone that Appellant would carry through with his warning. *Id.* at 70.

Here, there is no question that Appellant's statement that he would run over the victim's family with his car constitutes a threat to commit a crime of violence. The facts reveal that this was more than a spontaneous threat solely resulting from anger in a heated verbal exchange. Instead, Appellant made the threat to conceal his prior, inappropriate conduct toward A.L. He grabbed the victim, a minor female, and, fearing that she might tell someone, he then threatened to harm her family. While it appears that Appellant was angry, anger does not render a person incapable of forming the intent to terrorize. In this case, it is clear that the threat was made to cause the victim psychological distress, and discourage disclosure about

- 6 -

Appellant's conduct, by invading A.L.'s sense of personal security.  Thus, we conclude that the Commonwealth presented sufficient evidence to support Appellant's conviction for terroristic threats.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015